ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHARLES WILLIAM KRIEL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | Case No. 10-1301-JAR |
| **CITIMORTGAGE INC., et. al,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This lawsuit was filed pro se by Charles William Kriel, who seeks leave to proceed in forma pauperis (Doc. 3). Plaintiff's Complaint alleges a fraudulent foreclosure against the mortgagor Citimortgage, Inc. ("Citimortgage"); Millsap & Singer, LLC, a law firm that represents Citimortgage in the foreclosure action in Sedgwick County District Court; Matthew S. Layfield and Lindsey L. Craft, two attorneys at Millsap & Singer; the 18th Judicial District Court, Sedgwick County, Kansas; and "the foreclosure clerk of Sedgwick County, KS."

By the terms of 28 U.S.C. § 1915(e)(2)(B)(ii), plaintiff's Complaint must be reviewed and, if found to be frivolous or malicious, to not state a claim on which relief may be granted, or to seek monetary relief against a defendant who is immune, then the court must dismiss the case. It is well-established that:

> Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend. In determining whether dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inference that might be drawn from them, in the light most favorable to the plaintiff. In addition, we must construe a pro se applicant's complaint

liberally.[1]

Section 1915(e)(2)(B) allows a district court to dismiss a complaint "at any time," and there is no requirement under the statute that the court must first provide notice or an opportunity to respond.[2] Courts have held that the screening procedure set out in § 1915(e)(2) applies to all litigants proceeding in forma pauperis.[3] Moreover, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[4]

Plaintiff alleges in his Complaint that Citimortgage, through its agents Millsap & Singer, brought suit against him for mortgage foreclosure and that they did not produce evidence that Citimortgage made such a loan. He alleges that on May 20, 2010, the Sedgwick County District Court entered summary judgment against him without producing evidence. He claims elsewhere in the Complaint that the Sedgwick County district court and the foreclosure clerk "colluded to schedule a foreclosure sale of Plaintiff's property . . . in disregard of Plaintiff's demands and Defendants' failure to produce evidence." Plaintiff seeks monetary damages and injunctive relief.

The *Rooker-Feldman* doctrine "prevents federal courts from assuming jurisdiction over 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and

---

[1]*Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002) (internal quotation marks and citations omitted).

[2]*See Jones v. Barry*, 33 F. App'x 967, 971 2002 WL 725431 (10th Cir. Apr. 25, 2002).

[3]*See Alexander v. Wichita Hous. Auth.*, Case No. 07-1149-JTM, 2007 WL 2316902, at *2 (D. Kan. Aug. 9, 2007) (citations omitted).

[4]Fed. R. Civ. P. 12(h)(3).

rejection of those judgments.'"[5] The Supreme Court has explained that the doctrine applies "where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court."[6] "Consequently, a complaint filed in a federal district court that seeks review and reversal of a state-court judgment is properly dismissed under *Rooker-Feldman*."[7] Taking all of the factual averments in plaintiff's Complaint as true, he seeks a reversal of the state court foreclosure judgment. Accordingly, the *Rooker-Feldman* doctrine prohibits the Court from assuming jurisdiction over this action.

Moreover, the Sedgwick County District Court is immune from suit. It is a state agency entitled to Eleventh Amendment immunity. The United States Constitution does not provide for federal jurisdiction over suits brought by individuals against states under the doctrine of sovereign immunity except in two circumstances.[8] First, jurisdiction may exist if the state consents to jurisdiction.[9] Second, Congress may abrogate a state's immunity under section five of the Fourteenth Amendment.[10] Neither exception applies to this fraudulent foreclosure action.

The foreclosure clerk named in the Complaint is also immune from suit. Judicial immunity may extend to any judicial officer "who acts to either '[1] resolv[e] disputes between

---

[5] *Lambeth v. Miller*, 363 F. App'x 565, 567 (10th Cir. 2010) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

[6] *Lance v. Dennis*, 546 U.S. 459, 466 (2006); *see Erlandson v. Northglenn Mun. Court*, 528 F.3d 785, 789 (10th Cir. 2008).

[7] *Erlandson*, 528 F.3d at 789.

[8] U.S. CONST. AMEND. 11; *see, e.g.*, *Alden v. Maine*, 527 U.S. 706, 712–13 (1999).

[9] *Alden*, 527 U.S. at 730.

[10] *Id.* at 756; *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 78 (2000).

parties or . . . [2] authoritatively adjudicat[e] private rights.'"[11] "Immunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aid of the judge is involved,"[12] or where their duties have an "integral relationship with the judicial process."[13] The Tenth Circuit has previously found that court clerks "fall within the category of judicial officers who, through the performance of judicial acts, authoritatively adjudicate private rights."[14] This circuit has found judicial immunity for court clerks when determining whether to enter default judgment,[15] whether to enter a docket entry reflecting service upon defendants,[16] and whether to file a party's pleading or turn it over to a judge for review.[17] Here, accepting all well-pleaded facts in the complaint as true, the foreclosure clerk scheduled the foreclosure sale. This was an official act that had an integral relationship with the judicial process and this clerk is, therefore, immune from suit.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 3) is **GRANTED**;

---

[11]*Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002) (quoting *Antoine*, 508 U.S. at 435-36, 113 S. Ct. at 2167).

[12]*Whitesel v. Sengenberger*, 222 F.3d 861, 867-68 (10th Cir. 2000).

[13]*Lundahl*, 296 F.3d at 939.

[14]*Id.* (internal quotations omitted); *see Coleman v. Farnsworth*, 90 F. App'x. 313, No. 03-3296, 2004 WL 339590, at *4 (10th Cir. Feb. 24, 2004); *Livingston v. Garcia*, 211 F.3d 1278 (Table), No. 99-4218, 2000 WL 488480, at *2 (10th Cir. Apr. 26, 2000); *see also Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir. 1989) ("We note, however, that the filing of complaints and other documents is an integral part of the judicial process and that Scott would be protected by judicial immunity from damages for civil rights violations committed in connection with the performance of such tasks."); *Schroeder v. Kochanowski*, 311 F. Supp. 2d 1241,1257 (D. Kan. 2004); *Dickerson v. Bates*, 287 F. Supp. 2d 1251, 1253-54 n.1 (D. Kan. 2003).

[15]*Lundahl*, 296 F.3d at 939-40.

[16]*Coleman*, 2004 WL 339590, at *4.

[17]*Guiden v. Morrow*, 92 F. App'x 663, 665-66 (10th Cir. Feb. 2004).

**IT IS FURTHER ORDERED** that this action is DISMISSED for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: December 23, 2010

          S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE